WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Patrick G. Martin, | ) CIV 11-2129-PHX-ROS (MHB) |
| Petitioner, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Charles L. Ryan, et al., | ) |
| Respondents. | ) |
| | ) |

TO THE HONORABLE ROSLYN O. SILVER, UNITED STATES DISTRICT JUDGE:

Petitioner Patrick G. Martin, who is confined in the Arizona State Prison Complex, Barchey Unit in Buckeye, Arizona, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1).  On February 21, 2012, Respondents filed an Answer (Doc. 11), and on March 23, 2012, Petitioner filed a traverse (Doc. 12).

**BACKGROUND**

On October 7, 1999, in Pinal County, Arizona, Petitioner was indicted on two counts of first degree murder, class 1 felonies, and one count of second degree burglary, a class 3 felony. (Doc. 11, Exh. A.)  Petitioner was accused of unlawfully entering the home of Ralph Kenneth Dant on September 28, 1999, and beating Mr. Dant to death.  (Doc. 11, Exh. A; Exh. C at 3-4.)

On July 23, 2001, the matter proceeded to sentencing following Petitioner's waiver of all pertinent constitutional trial and appellate rights upon his entry of guilty pleas to one count of second degree murder, a class 1 felony, and one count of second degree burglary,

a class 3 felony.  (Doc. 11, Exh. B.)  The trial court sentenced Petitioner to a 21-year aggravated term of imprisonment for the murder conviction with credit for 663 days served, and a consecutive 4-year aggravated term of imprisonment for the burglary conviction. (Doc. 11, Exh. B.)  Petitioner did not file a direct appeal.

On March 29, 2005, Petitioner filed a petition for post-conviction relief pursuant to Rule 32 of the Arizona Rules of Criminal Procedure and was appointed counsel.  (Doc. 11, Exhs. C, D.)  On January 13, 2006, the trial court denied Petitioner's request for post-conviction relief as untimely, finding that Petitioner filed his petition more than three-and-a-half years after he was sentenced and that he failed to present a colorable claim upon which relief could be granted.  (Doc. 11, Exh. D.)  On March 9, 2006, the trial court received a copy of a petition for review to the Arizona Court of Appeals, which on April 5, 2006, the trial court accepted as timely.[1]  (Doc. 11, Exhs. E, F.)  The appellate court, however, has no record of the petition for review.

Petitioner filed his habeas petition and memorandum in support thereof on October 28, 2011.  (Docs. 1, 4.)  Petitioner raises three grounds for relief.  In Ground One, he alleges that he received ineffective assistance of counsel and that his acceptance of a plea agreement was not knowing and voluntary due to mental illness.  In Ground Two, Petitioner alleges that he received ineffective assistance of counsel and that the court failed to consider mitigating facts.  In Ground Three, Petitioner alleges that he was unconstitutionally sentenced in excess of the presumptive sentence.

///
///
///
///

---

[1] Rule 32.9(c) of the Arizona Rules of Criminal Procedure requires that a petition for review be filed with the appellate court within 30 days of the final decision of the trial court, and that notice of the petition be filed with the trial court within three days after the petition is filed.

**DISCUSSION**

In their Answer, Respondents contend that Petitioner's habeas petition is untimely and, as such, must be denied and dismissed.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners. See 28 U.S.C. § 2244(d)(1).  The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

An "of-right" petition for post-conviction review under Arizona Rule of Criminal Procedure 32, which is available to criminal defendants who plead guilty, is a form of "direct review" within the meaning of 28 U.S.C. § 2244(d)(1)(A).  See Summers v. Schriro, 481 F.3d 710, 711 (9th Cir. 2007).  Therefore, the judgment of conviction becomes final upon the conclusion of the Rule 32 of-right proceeding, or upon the expiration of the time for seeking such review.  See id.

Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2); see Lott v. Mueller, 304 F.3d 918, 921 (9th Cir. 2002).  A post-conviction petition is "clearly pending after it is filed with a state court, but before that court grants or denies the petition."  Chavis v. Lemarque, 382 F.3d 921, 925 (9th Cir. 2004).  A state petition that is not filed, however, within the state's required time limit is not "properly filed" and, therefore, the petitioner is

1    not entitled to statutory tolling.  See Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005).  "When

2    a postconviction petition is untimely under state law, 'that [is] the end of the matter' for

3    purposes of § 2244(d)(2)."  Id. at 414.

4        In Arizona, post-conviction review is pending once a notice of post-conviction relief

5    is filed even though the petition is not filed until later.  See Isley v. Arizona Department of

6    Corrections, 383 F.3d 1054, 1056 (9th Cir. 2004).  An application for post-conviction relief

7    is also pending during the intervals between a lower court decision and a review by a higher

8    court.  See Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (citing Carey v. Saffold,

9    536 U.S. 214, 223 (2002)).  However, the time between a first and second application for

10   post-conviction relief is not tolled because no application is "pending" during that period.

11   See id.  Moreover, filing a new petition for post-conviction relief does not reinitiate a

12   limitations period that ended before the new petition was filed.  See Ferguson v. Palmateer,

13   321 F.3d 820, 823 (9th Cir. 2003).

14       The statute of limitations under the AEDPA is subject to equitable tolling in

15   appropriate cases.  See Holland v. Florida, ⸺ U.S. ⸺, ⸺, 130 S.Ct. 2549, 2560, 177

16   L.Ed.2d 130 (2010).  However, for equitable tolling to apply, a petitioner must show "'(1)

17   that he has been pursuing his rights diligently and (2) that some extraordinary circumstances

18   stood in his way'" and prevented him from filing a timely petition.  Id. at 2562 (quoting Pace,

19   544 U.S. at 418).

20       Petitioner was sentenced, pursuant to a plea agreement, on July 23, 2001.  Petitioner

21   had 90 days to file an "of-right" petition for post-conviction relief pursuant to the Arizona

22   Rules of Criminal Procedure.  See Ariz.R.Crim.P. 32.4(a).  He failed to file a petition within

23   that time period and, thus, the statute of limitations began to run on October 22, 2001 – one

24   day after the 90-day period expired.  The statute of limitations then expired one year later –

25   on October 22, 2002.

26       Petitioner's filed a petition for post-conviction relief on March 29, 2005 – almost two-

27   and-a-half years after the statute of limitations expired.  Because the statute of limitations had

28   passed by the time Petitioner filed his petition for post-conviction relief, the petition (or any

1    other post-conviction relief petition filed thereafter) did not toll the limitations period.  See
2    Pace, 544 U.S. at 417 (holding that time limits for filing a state post-conviction petition are
3    filing conditions which, if not met, preclude a finding that a state petition was properly filed).
4    An untimely state post-conviction petition does not restart an already expired statute of
5    limitations.  See Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Petitioner filed the
6    instant habeas petition on October 28, 2011 – over nine years after the limitations period
7    expired.  The habeas petition is therefore untimely.

8         The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably
9    tolled because it is a statute of limitations, not a jurisdictional bar.  See Calderon v. United
10   States Dist. Ct. (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other
11   grounds by Calderon v. United States Dist. Ct. (Kelly), 163 F.3d 530, 540 (9th Cir. 1998).
12   Tolling is appropriate when "'extraordinary circumstances' beyond a [petitioner's] control
13   make it impossible to file a petition on time."  Id.; see Miranda v. Castro, 292 F.3d 1063,
14   1066 (9th Cir. 2002) (stating that "the threshold necessary to trigger equitable tolling [under
15   AEDPA] is very high, lest the exceptions swallow the rule") (citations omitted).  "When
16   external forces, rather than a petitioner's lack of diligence, account for the failure to file a
17   timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v.
18   Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  A petitioner seeking equitable tolling must
19   establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some
20   extraordinary circumstance stood in his way."  Pace, 544 U.S. at 418.  Petitioner must also
21   establish a "causal connection" between the extraordinary circumstance and his failure to file
22   a timely petition.  See Bryant v. Arizona Attorney General, 499 F.3d 1056, 1060 (9th Cir.
23   2007).

24        Here, Petitioner has not proffered any extraordinary circumstance that would justify
25   equitable tolling.  Although Petitioner alludes to mental health issues and being "heavily
26   medicated" as reasons for filing an untimely habeas petition, he fails to support said reasons
27   with affidavits or supporting medical records explaining exactly how these alleged issues
28   prevented him from filing a timely petition or even contributed to the nine-year delay.  And,

1   a petitioner's *pro se* status, ignorance of the law, and lack of representation during the

2   applicable filing period do not constitute extraordinary circumstances justifying equitable

3   tolling.  <u>See, e.g.</u>, <u>Rasberry v. Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006) ("[A] *pro se*

4   petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance

5   warranting equitable tolling.").  Accordingly, Petitioner is not entitled to equitable tolling and

6   his habeas petition is untimely.

7                                          **CONCLUSION**

8         Having determined that Petitioner's habeas petition is untimely, the Court will

9   recommend that Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) be denied and

10  dismissed with prejudice.

11        **IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of

12  Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH**

13  **PREJUDICE**;

14        **IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave

15  to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is

16  justified by a plain procedural bar and jurists of reason would not find the procedural ruling

17  debatable.

18        This recommendation is not an order that is immediately appealable to the Ninth

19  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

20  Appellate Procedure, should not be filed until entry of the district court's judgment.  The

21  parties shall have fourteen days from the date of service of a copy of this recommendation

22  within which to file specific written objections with the Court.  <u>See</u> 28 U.S.C. § 636(b)(1);

23  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have fourteen

24  days within which to file a response to the objections.  Failure timely to file objections to the

25  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

26  and Recommendation by the district court without further review.  <u>See</u> <u>United States v.</u>

27  <u>Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

28  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

1    to appellate review of the findings of fact in an order or judgment entered pursuant to the

2    Magistrate Judge's recommendation.  See Rule 72, Federal Rules of Civil Procedure.

3          DATED this 24th day of April, 2012.

4

5                                         _Michelle H. Burns_

6                                         Michelle H. Burns
                                          United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28